

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CASE #: 3:09-CV-546

**RAYLENE MCKENZIE**
        **Plaintiff,**

**v.**

JURY TRIAL DEMANDED

**WEST ASSET MANAGEMENT, INC.**
        **Defendant.**

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendant, respectfully says as follows:

### PRELIMINARY STATEMENT

This is an action by a consumer to recover actual damages, statutory damages, punitive damages, attorney fees and costs, for defendants' violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*

The Fair Debt Collection Practices Act (hereinafter "FDCPA") provides relief to consumers from egregious behavior from Debt Collectors.

The consumer suing under the FDCPA need not prove that a violation was intentional or negligent in most cases. *Lee v. Thomas & Thomas,* 109 F.3d 302 (6th Cir.1997). The "FDCPA is a strict liability statute." *Id.*

The letter sent by Defendant Montgomery, Lynch violated numerous aspects of the FDCPA, including but not limited to 15 U.S.C. §1692g(11), 15 U.S.C. §1692e preface and 15 U.S.C. §1692e(10). Unfortunately, even though Defendant Montgomery, Lynch has exhibited a nearly total disregard for the requirements of the FDCPA, this Court may only make one statutory damages award with the maximum amount being One Thousand Dollars ($1,000.00).*Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d 647 (1994).

The FDCPA also allows the Court to award actual damages, in addition to the statutory damages, pursuant to 15 USC

Jason M. Krumbein, Esq. VSBN 43538  jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone        804.673.4350 fax

> 1692k(a)(1). State law requirements regarding the proof of intentional or negligent infliction of emotional distress are not applicable to actual damages under the FDCPA. In *Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 185 (D.Del.1991)* the district court instructed the jury: "First, actual damages may be awarded the plaintiff as result of the failure of defendants to comply with the Act. Actual damages not only include any out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress." Actual damages are certainly appropriate where the conduct of the debt collector is egregious, as it is here. See, *Boyce v. Attorney's Dispatch Service*, 1999 WL 33496505 (S.D. Ohio, April 27, 1999).

*Becker v. Montgomery, Lynch*, 2003 WL 23335929 (N.D.Ohio, 2003).

By sending a dunning letter while a consumer is in Bankruptcy and presumed to be discharged or at least included in the Bankruptcy is a violation of the FDCPA as the standard Fourth Circuit has adopted:

> Section 1692e, as explained above, generally prohibits "false, deceptive or misleading" collection activities. More specifically, as it applies to our situation, the provision prohibits the "false representation" of "the legal status of any debt." 15 U.S.C. § 1692e(2)(A). In this case, Turner's theory is that J.V.D.B. falsely represented the legal status of his debt by insinuating that, despite the debt's discharge in bankruptcy, Turner was nonetheless obligated to pay the $97.80 obligation that he had incurred to Pre-Paid before his bankruptcy petition. In short, by asserting Turner owed a debt that no longer existed, on its face the letter was false. Relying on Hubbard v. National Bond & Collection Associates, 126 B.R. 422, 427 (D.Del.), aff'd without opinion, 947 F.2d 935 (3d Cir. 1991), the district court granted summary judgment to J.V.D.B., reasoning that, as a matter of law, the debt collector lacked knowledge of Turner's bankruptcy and

Jason M. Krumbein, Esq. VSBN 43538  jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone       804.673.4350 fax

therefore could not be held liable for sending Turner a collection letter regarding the debt to Pre-Paid.

Although J.V.D.B. was unaware of the bankruptcy, under § 1692e **ignorance is no excuse.** [emphasis added]. This circuit has held that "§ 1692e applies even when a false representation was unintentional." Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir.2000) (citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) **(because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages))** [emphasis added]. Moreover, our test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. Gammon v. GC Servs. Ltd. P'Ship, 27 F.3d 1254, 1257 (7th Cir.1994); see also id. at 1259 (Easterbrook, J., concurring) (reasoning that "the trier of fact must inquire whether a misleading implication arises from an objectively reasonable reading of the communication"). Although the existence of the debt collector's knowledge may be relevant insofar as it sheds light on the actual effect that a communication is likely to have on the unsophisticated consumer, the debt collector's subjective intent or belief is not dispositive of our inquiry under § 1692e. Id. at 1258. Regarding § 1692e, then, it was legal error for the district court to treat J.V.D.B.'s lack of knowledge as determinative and to grant summary judgment on that basis. Furthermore, a reasonable jury could conclude as a matter of fact that a misleading implication (that Turner had to pay the $97.80 debt) arises from an objectively reasonable reading of J.V.D.B.'s collection letter of March 29, 2001. We therefore reverse as to § 1692e.

Jason M. Krumbein, Esq. VSBN 43538  jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone        804.673.4350 fax

We observe that, on remand, the district court might confront the question of knowledge if J.V.D.B. were to put forth a proper motion asserting the affirmative defense provided by § 1692k(c). Id. Under that subsection, which is entitled "Intent," a debt collector that violates § 1692e, or any other substantive provision of the FDCPA, can avoid liability by proving by a preponderance of the evidence that (1) the violation was unintentional, resulting from a "bona fide error," and (2) that error occurred "not-withstanding the maintenance of procedures reasonably adapted to avoid any such error." Jenkins v. Heintz, 124 F.3d 824, 828 (7th Cir.1997). To the extent that J.V.D.B. were to rely on § 1692k(c), proof that it was unaware of the bankruptcy would be a logical first step. J.V.D.B. could also show that it had taken reasonable preventive measures to avoid such mistakes (such as an agreement with its creditor-clients that debts are current and the demand letter was sent soon after the assignment).

*Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 995, 996 (7th Cir., 2003)

### JURISDICTION, VENUE, CORE PROCEEDING and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).
2. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. §1692k and 28 U.S.C. §1391(b) and (c), because the actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia.
3. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE.** See FRCP 38 and US Const. Amend. VII.

### PARTIES

4. Plaintiff, Raylene McKenzie (hereinafter "Plaintiff") is a consumer pursuant to 15 U.S.C. §1692a(3).
5. On information and belief, Defendant West Asset Management, Inc. (hereinafter "WAM") is a Debt Collector as that term is defined in 15 U.S.C. §1692a(6).
6. On information and belief, defendant WAM actually collects debts due another.

Jason M. Krumbein, Esq. VSBN 43538  jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone      804.673.4350 fax                                Page 4 of 7

7.  On information and belief, defendant WAM is a Delaware Corporation, registered with the State Corporation Commission, with a Registered Agent and may be served at, Corporation Service Company 11 S 12th St, PO Box 1463, Richmond, VA 23218.

## FACTS

8.  Plaintiff incurred a debt with Sprint PCS for personal use before June 23, 2008, bringing the debt in question within the Fair Debt Collection Practices Act.

9.  Plaintiff filed a Chapter 7 Bankruptcy in the Eastern District of Virginia, Richmond Division Bankruptcy Court on June 23, 2008, case number 3:08-BK-32867-DOT.

10. Sprint PCS was listed and scheduled in the aforementioned Bankruptcy. See Plaintiff's Exhibit "A" – List of Creditors

11. The Meeting of Creditors date was on July 29, 2008.

12. Sprint PCS did not appear at the Meeting of Creditors.

13. Sprint PCS did not file an Objection to the Plaintiff's discharge.

14. Plaintiff received her discharge on October 6, 2008. See Exhibit "B" – Discharge of Debtor

15. On or about November 16, 2008, Defendant sent a dunning letter to Plaintiff regarding a listed and scheduled debt in the aforementioned Bankruptcy. See Exhibit "C" – dunning letter from Defendant.

## COUNT ONE:
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e.

16. Plaintiff restates and re-alleges paragraphs 1-15.

17. Defendant has violated the FDCPA 15 U.S.C. §1692e, in that they used means that are false and misleading in the collection of a consumer debt.

18. Plaintiffs are entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT TWO:
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e[2].

19. Plaintiff restates and re-alleges paragraphs 1-15.

20. Defendant has violated the FDCPA 15 U.S.C. §1692e[2], in that they falsely stated that the debt was valid as against the plaintiff in the collection of a consumer debt, when in fact, it is included and DISCHARGED in Bankruptcy.

21. Plaintiffs are entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

Jason M. Krumbein, Esq. VSBN 43538  jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone        804.673.4350 fax                              Page 5 of 7

## COUNT THREE:
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e[2][a].

22. Plaintiff restates and re-alleges paragraphs 1-15.

23. Defendant has violated the FDCPA 15 U.S.C. §1692e[2][a], in that they falsely stated the amounts due, in the collection of a consumer debt.

24. Plaintiffs are entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT FOUR:
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e[10].

25. Plaintiff restates and re-alleges paragraphs 1-15.

26. Defendant has violated the FDCPA 15 U.S.C. §1692e[10], in that they used a false representation in the collection of a consumer debt or obtain information concerning a consumer, in the collection of a consumer debt.

27. Plaintiffs are entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT FIVE:
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692f.

28. Plaintiff restates and re-alleges paragraphs 1-15.

29. Defendant has violated the FDCPA 15 U.S.C. §1692f, in that they used unfair or unconscionable means to collect the alleged debt by sending the dunning letter in hopes that Plaintiff would pay.

30. Plaintiffs are entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

## COUNT SIX:
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692f[1].

31. Plaintiff restates and realleges paragraphs 1-15.

32. Defendant has violated the FDCPA 15 U.S.C. §1692f[1], in that they collected or attempted to collect an amount other than one authorized by the agreement or permitted by law, in the collection of a consumer debt, as they were not entitled to any funds as it is included in Bankruptcy.

33. Plaintiffs are entitled to ACTUAL damages, STATUTORY damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k[a].

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his/her/their behalf for violations of the Fair Debt Collection Practices Act, for actual damages, statutory damages, attorney fees, and costs.

Jason M. Krumbein, Esq. VSBN 43538   jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone      804.673.4350 fax

**RAYLENE MCKENZIE**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538  jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone
804.673.4350 fax

Jason M. Krumbein, Esq. VSBN 43538  jason@krumbein.com
Mitchell P. Goldstein, Esquire VSBN 40613  mgoldstein@krumbein.com
Krumbein Consumer Legal Services, Inc.
Counsel for Raylene McKenzie
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone        804.673.4350 fax                                    Page 7 of 7

# EXHIBIT "A"

Label Matrix for local noticing
0422-3
Case 08-32867-DOT
Eastern District of Virginia
Richmond
Wed Aug 26 16:49:54 EDT 2009

Recovery Management Systems Corporation
25 SE 2nd Ave Ste 1120
Miami, FL 33131-1605

United States Bankruptcy Court
701 East Broad Street
Richmond, VA 23219-1888

AMO Recoveries
25221 Country Club Blvd
Suite 200
North Olmsted, OH 44070-5300

Beaufont Oaks
6921-B Carnation St.
Richmond, VA 23225-5248

Chase/ Bank One
800 Brooksedge Blvd.
Westerville, OH 43081-2822

City of Richmond, Virginia
Dept. of Public Utilities
730 E. Broad St, 5th Floor
Richmond, VA 23219-1861

(p)DOMINION VIRGINIA POWER
PO BOX 26666
18TH FLOOR
RICHMOND VA 23261-6666

GEMB/Old Navy
P.O. Box 981400
El Paso, TX 79998-1400

General Revenue Corporation
P.O. Box 495901
Cincinnati, OH 45249-5901

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Sprint
Attn: Customer Service
P.O. Box 8077
London, KY 40742-8077

U. S. Department of Education
Direct Loan Servicing Center
P.O. Box 5609
Greenville, TX 75403-5609

Virginia Credit Union
Customer Service
P.O. Box 31112
Tampa, FL 33631-3112

(p)WACHOVIA BANK NA
PO BOX 13765
ROANOKE VA 24037-3765

Wawa
P.O. Box 15298
Wilmington, DE 19850-5298

Wolpoff & Abramson, LLP
702 King Farm Blvd. Ste 500
Rockville, MD 20850-5775

Jason Meyer Krumbein
  Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive
Suite 300
Richmond, VA 23230-3435

Raylene McKenzie
6921-B Carnation Street
Richmond, VA 23225-5248

Roy M. Terry Jr.
DurretteBradshaw, P.L.C.
P.O. Box 2188
Richmond, VA 23218-2188

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Dominion Virginia Power
P.O. Box 26666
Richmond, VA 23261-0000

Wachovia Bank
P.O. Box 3117
Winston Salem, NC 27102-0000

End of Label Matrix
Mailable recipients    19
Bypassed recipients     0
Total                  19

# EXHIBIT "B"

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court
### Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

**Case Number**  08−32867−DOT
**Chapter**  7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Raylene McKenzie
6921−B Carnation Street
Richmond, VA 23225

Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s).,(if any):
Debtor: xxx−xx−7812

Employer Tax−Identification (EIN) No(s).(if any):
Debtor: NA

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**FOR THE COURT**

Dated: October 6, 2008                                William C. Redden, CLERK

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) − Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# CERTIFICATE OF NOTICE

District/off: 0422-7          User: admin          Page 1 of 1          Date Rcvd: Oct 06, 2008
Case: 08-32867               Form ID: B18          Total Served: 17

The following entities were served by first class mail on Oct 08, 2008.
db        +Raylene McKenzie,    6921-B Carnation Street,    Richmond, VA 23225-5248
8326485   +AMO Recoveries,    25221 Country Club Blvd,    Suite 200,    North Olmsted, OH 44070-5300
8326486   +Beaufont Oaks,    6921-B Carnation St.,    Richmond, VA 23225-5248
8326488   +City of Richmond, Virginia,    Dept. of Public Utilities,    730 E. Broad St, 5th Floor,
           Richmond, VA 23219-1861
8326489   ++DOMINION VIRGINIA POWER,    PO BOX 26666,    18TH FLOOR,    RICHMOND VA 23261-6666
           (address filed with court: Dominion Virginia Power,    P.O. Box 26666,    Richmond, VA 23261-0000)
8326490    GEMB/Old Navy,    P.O. Box 981400,    El Paso, TX 79998-1400
8326491    General Revenue Corporation,    P.O. Box 495901,    Cincinnati, OH 45249-5901
8326492   +Sprint,    Attn: Customer Service,    P.O. Box 8077,    London, KY 40742-8077
8326493    U. S. Department of Education,    Direct Loan Servicing Center,    P.O. Box 5609,
           Greenville, TX 75403-5609
8326494    Virginia Credit Union,    Customer Service,    P.O. Box 31112,    Tampa, FL 33631-3112
8326496    Wawa,    P.O. Box 15298,    Wilmington, DE 19850-5298

The following entities were served by electronic transmission on Oct 07, 2008.
tr         EDI: QRMTERRY.COM Oct 07 2008 07:08:00    Roy M. Terry, Jr.,    DurretteBradshaw, P.L.C.,
           P.O. Box 2188,    Richmond, VA 23218-2188
cr        +EDI: RECOVERYCORP.COM Oct 07 2008 07:08:00    Recovery Management Systems Corporation,
           25 SE 2nd Ave Ste 1120,    Miami, FL 33131-1605
8326487   +EDI: CHASE.COM Oct 07 2008 07:08:00    Chase/ Bank One,    800 Brooksedge Blvd.,
           Westerville, OH 43081-2822
8358477    EDI: RECOVERYCORP.COM Oct 07 2008 07:08:00    Recovery Management Systems Corporation,
           25 S.E. 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
8326495    EDI: FUNB.COM Oct 07 2008 07:08:00    Wachovia Bank,    P.O. Box 3117,
           Winston Salem, NC 27102-0000
8326497    EDI: WOLPOFF.COM Oct 07 2008 07:08:00    Wolpoff & Abramson, LLP,    702 King Farm Blvd. Ste 500,
           Rockville, MD 20850-5775
                                                                                        TOTAL: 6

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 08, 2008**                    **Signature:**   _Joseph Speetjens_

# EXHIBIT "C"





ONWEST29
PO Box 1022
Wixom MI 48393-1022

**West Asset Management**

November 16, 2008

Please mail all payments and correspondence to:
Sprint
PO Box 4191
Carol Stream, IL 60197-4191

1284066-630-29    092257998

Raylene E Mckenzie
6921 Carnation St
Apt B
Richmond VA 23225-5248

Account #: 466606815
Reference #: 1284066
Total Amount Due: $ 530.13

***Detach Upper Portion and Return with Payment***

>>>>>> Please Call Toll Free 888-639-1641
Office hours are Monday through Friday 8:00am – 9:00pm Central Standard Time

Account #:           466606815
Reference #:        1284066
Total Amount Due:  $ 530.13

Dear Raylene E Mckenzie,

We are certain you are not attempting to avoid your legal obligation to Sprint PCS. However, the above referenced cell phone service with Sprint PCS remains unpaid.

You may have previously been in contact with this office regarding this matter and we were unable to arrange an acceptable repayment plan.

Our office has developed a hardship repayment program. Please give us a call and we will work with you to help resolve your account.

**Contact us at 888-639-1641 to discuss a flexible payment plan.**

**Payment Address**
Sprint
P.O. Box 4191
Carol Stream, IL 60197-4191

**Correspondence Address**
West Asset Management
P.O. Box 2307
Sherman, TX 75091-2307

Sincerely,
West Asset Management, Inc.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

For quality assurance purposes, inbound and outbound calls to our office may be monitored or recorded.

1ONWEST29630

West Asset Management, Inc., 3432 Jefferson Ave, Texarkana AR 71854-2747  Telephone: 888-639-1641